199 So. 245

**MONTIEL v. HOLCOMBE, Sheriff, et al.**

I Div. 119.

Supreme Court of Alabama.

Dec. 19, 1940.

Sullivan, Holberg & Tully, of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for appellees.

KNIGHT, Justice.

Bill by complainant, appellant here, to restrain and enjoin W. H. Holcombe, as Sheriff of Mobile County, and Bart B. Chamberlain, as Solicitor of the Thirteenth Judicial Circuit of Alabama, from the prosecution of appellant under an indictment, presented by the Grand Jury of said county against him, at the January Term, 1940, of the Circuit Court of Mobile County.

Upon the filing of the bill, the said sheriff and solicitor appeared in court and moved to strike the bill of complaint upon numerous grounds, among others, that the suit was one essentially against the state, in that it is brought against the named officers whose official duties required them to perform the acts which the bill sought to enjoin, and because the court was without jurisdiction to enjoin the prosecution of appellant under said indictment by the state acting through its legal and duly constituted officers.

354

The bill shows that the appellant was arrested, and subsequently indicted by the Grand Jury of Mobile County, charged with the criminal offense of "setting up or carrying on, or being concerned in setting up or carrying on a lottery, or device of like kind, or a gift enterprise," an offense denounced, and made punishable by Section 4247 of the Criminal Code of Alabama. The bill further avers that said charge was still pending against complainant, appellant in the Circuit Court of Mobile County.

It appears from the bill that the appellant was, at the time of his arrest, and at the time the said indictment was preferred against him, engaged in the operation of a "moving picture house or place of amusement;" and it is averred that the competitors of appellant are and had been resorting to the same or similar methods or practices in order to attract patrons to their houses of amusement, that were made the basis of the criminal charge against appellant. That appellant was alone indicted for said acts, while his competitors were not molested. That appellant, on account of said indictment, was forced to discontinue certain of his practices and thereby lost much of his patronage, resulting in great financial loss to him.

■■ The bill was and is entirely without equity. It is essentially a suit against the state to enjoin the prosecution of appellant under an indictment preferred by a Grand Jury of Mobile County, charging him with the commission of an indictable offense. As such, it cannot be maintained. State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Ex parte Board of School Commissioners of Mobile County, 230 Ala. 304, 161 So. 108; Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; Cox v. Board of Trustees of University of Alabama, 161 Ala. 639, 49 So. 814; Kansas City Bridge Co. v. Alabama State Bridge Corporation, 287 U.S. 644, 53 S.Ct. 90, 77 L.Ed. 557; State Tax Commission et al. v. Commercial Realty Co., 236 Ala. 358, 182 So. 31.

As a general rule courts of equity are without jurisdiction to restrain or enjoin criminal prosecution. Moses & Beck v. Mayor, etc., of Mobile, 52 Ala. 198.

In the case of Ex parte State ex rel. Martin, Atty. Gen., 200 Ala. 15, 75 So. 327, 328, it was observed: "The original bill's theory and purpose was to restrain the diligence and activity of the sheriff and his deputies in Jefferson county in respect of the enforcement of the state's penal and related laws expressing the state's authority and power to promote temperance and to suppress the evils of intemperance. The case made by the original bill falls squarely within the principle and doctrine of the following of our decisions: Brown v. Birmingham, etc., 140 Ala. 590, 37 So. 173; Old Dominion Tel. Co. v. Powers, 140 Ala. 220, 37 So. 195, 1 Ann.Cas. 119; Postal Tel. Co. v. Montgomery, 193 Ala. 234, 69 So. 428 [Ann.Cas.1918A, 554]; Pike County Dispensary v. Brundidge, 130 Ala. 193, 30 So. 451—which is that, since the jurisdiction of courts of equity is exclusively civil, they are without power to interpose injunctive interference with the agents and instrumentalities of the state or of a municipality in prosecutions for penal offenses, or in their efforts to enforce the criminal laws. * * * The state has a manifest interest in and concern for the observance and enforcement of its criminal laws, and in the freedom of its officers to perform their duty in the detection of offenses and offenders against its laws. To restrain the sheriff and his deputies in that regard impinges upon—brings into question—the powers of the state itself. Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535."

■ The respondent officers instead of demurring to the bill for want of equity, resorted to a motion to strike the same. This motion, the court granted, and dismissed the bill. We cannot approve the method resorted to by the respondents, in having the bill stricken, but, inasmuch as the bill was wholly without equity, and could not be given equity by any permissible amendment, the action of the court in granting the respondents' motion, and in dismissing the bill, could not have injuriously affected any rights of the appellant. Hence, at most, it was error without injury in granting the motion to strike, instead of putting the respondents to their demurrer.

It follows that the decree appealed from is due to be affirmed. Ordered accordingly.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.