JONES, Justice.
Alabama Processing Company, Inc. (“seller”),[1] contracted to sell certain real estate to the Utilities Board of the Town of Citronelle. The seller sued for specific performance. The trial court gave summary judgment against that claim, holding the contract void under the Statute of Frauds, Code 1975, § 8-9-2. The seller appeals from that summary judgment, which had been made final pursuant to Rule 54(b), A.R.Civ.P. The Utilities Board (“buyer”) cross-appeals from an order denying its motion for summary judgment as to other claims.
With respect to the cross-appeal, Blanton v. Liberty National Life Insurance Co., 434 So.2d 773 (Ala.1983), succinctly summarized the rule: “An order denying a motion for summary judgment is not appealable.” Thus, the buyer’s cross-appeal is dismissed.
With respect to the appeal, we reverse the judgment and remand the cause for further proceedings. The trial court *691 obviously agreed with the Utilities Board that the sales contract was void on the ground that the legal description was too indefinite and uncertain to comply with the mandate of the Statute of Frauds.
The trial court’s denial of the seller’s claim for specific performance on this ground overlooks the seller’s interpretation of the contract to the effect that it was obligated, and now stands willing and able, to convey all of its property, for the specified consideration, to the buyer, thus resolving any and all doubt as to description in favor of the buyer. Greene v. Jones, 377 So.2d 947 (Ala.1979). The record discloses, without dispute, that the Board entered into the contract with full knowledge of the location and quantity of the subject property owned by the seller. The buyer does not here contend otherwise; nor does it claim misrepresentation on the part of the seller with respect to the quantity or location of the property.
The buyer does contend “uncertainty” with respect to the description, based upon an agreement that the subject property be surveyed at a future date. We disagree. Where a seller agrees to sell all of its land, a future survey of the property, as called for in the contract, is a mere incident of the sale and is not a future determination of the specific property to be sold. Howison v. Bartlett, 141 Ala. 593, 37 So. 590 (1904).
Moreover, Utilities Board member Bas-sett, who represented the buyer in the contract negotiations, testified in deposition as follows:
“[McRight, Attorney for the buyer:] Why wasn’t the deal closed after October 29th?
“[Bassett:] During that period of time, we had a mild winter. Our collections weren’t high. We had intended to fund that out of cash flow and cash flow was running on over until later.
“If cash flow had been available, I would have closed it, I would have pushed for it to have been closed.
“[Friedlander, Attorney for Alabama Processing Company:] Was the only reason that it didn’t close the fact that the Utilities Board didn’t have the money?
“[Bassett:] That’s correct.
“[Friedlander:] There wasn’t any other reason?
“[Bassett:] Not to my knowledge.”
Although trial courts are allowed some degree of discretion in specific performance claims, where a clear right is established, the trial court will be reversed for denying such equitable relief. Jackson v. L.D. McReynolds, Inc., 430 So.2d 873 (Ala.1983).
ON THE APPEAL (86-1126), REVERSED AND REMANDED; ON THE CROSS-APPEAL (86-1191), APPEAL DISMISSED.
MADDOX, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and SHORES, J., dissent.

. It is our understanding of the record that Alabama Processing Company, Inc., is the successor company to Eastern Shore Wastewater Treatment Facility, Inc., and is the real party in interest as the appellant in case No. 86-1126, and as the appellee in case No. 86-1191. Thus, Alabama Processing will be treated in this opinion as the only appellant and cross-appellee.