The plaintiff, William E. White, was arrested by the defendant, Tim Birchfield, on a warrant charging harassing communications. Birchfield placed White in the front seat of his patrol car and proceeded to take him to the Chambers County jail. En route, a call came over Birchfield's radio, reporting a suicide in progress. Birchfield responded to the call.
White alleges that, in responding to the call, Birchfield drove at excessive speeds over some railroad tracks across a road. White alleges that the car became airborne and that he hit the roof of the car, causing injury to his spine. He sued Birchfield, alleging that Birchfield had negligently injured him. He also joined Chambers County; Doss D. Leak, Chambers County Commission chairman; and the Chambers County Sheriff's Department, alleging that they were liable to him under the theory of respondeat superior. *Page 1086 
The defendants filed motions to dismiss, which were initially denied by the trial court. The defendants filed motions to reconsider their motions to dismiss, and in response the trial court held a hearing and considered deposition testimony. The defendants asked the trial court to treat the motions to dismiss as motions for summary judgment. The trial court entered summary judgment on all counts as to all defendants. White appealed.
This appeal presents two issues: (1) Whether Birchfield is entitled to immunity, as a matter of law, under the facts as presented; and (2) whether the remaining defendants — Leak, Chambers County, and the Chambers County Sheriffs Department — can be held liable under the doctrine of respondeat superior for Birchfield's actions.
 I.
The first issue to be examined is whether Birchfield is entitled to the immunity provided by Article I, § 14, Alabama Constitution of 1901, the sovereign immunity clause. Article I, § 14, states: "[T]he State of Alabama shall never be made a defendant in any court of law or equity."
In 1989, this Court decided that questions regarding immunity of state officers should be addressed with regard to two issues:
 "1) whether the plaintiffs' suit against the appellees is, in effect, one against the State, thus affording the appellees absolute immunity from suit; and, if not, then 2) whether the appellees are entitled to substantive or qualified immunity from the plaintiffs' claim because they were engaged in the exercise of a discretionary public function."
Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989).
A. Absolute Immunity
In determining whether Birchfield has absolute immunity in this case, this Court should consider "such factors as the nature of the action and the relief sought." Id. We have consistently held that a state employee is not entitled to absolute immunity from claims based on personal injury allegedly caused by the employee's negligent conduct. See id.
(quoting Barnes v. Dale, 530 So.2d 770, 783 (Ala. 1988) (quoting DeStafney v. University of Alabama, 413 So.2d 391, 395
(Ala. 1981))). Therefore, we now hold that Birchfield is not entitled to absolute immunity in this action brought by White alleging that Birchfield negligently caused personal injury.
B. Substantive Immunity
In DeStafney v. University of Alabama, 413 So.2d 391 (Ala. 1981) (opinion on rehearing), this Court adopted theRestatement (Second) of Torts § 895D, which established immunity from tort liability for a public officer based upon his conduct in performance of a discretionary function. Id. at 393 (adopting Restatement (Second) of Torts, § 895D(3)(a) (1977)). In determining whether the public officer was performing a discretionary function, the Restatement suggests certain factors to consider:
 "[1] the nature and importance of the function that the officer is performing; [2] the extent to which passing judgment on the exercise of discretion will amount necessarily to passing judgment on the conduct of a coordinate branch of government; [3] the extent to which the imposition of liability would impair the free exercise of discretion by the officer; [4] the extent to which the ultimate financial responsibility will fall on the officer; [5] the likelihood that harm will result to members of the public if the action is taken; [6] the nature and seriousness of the type of harm that may be produced; and [7] the availability to the injured party of other remedies and other forms of relief."
Restatement (Second) of Torts § 895D, comment f.
Because this case was decided on a motion for summary judgment, we will consider the facts in the light most favorable to the nonmoving party. White was arrested on a warrant alleging harassing communications. En route to the jail, a call came over Birchfield's police radio indicating a suicide in progress. Birchfield decided to *Page 1087 
proceed to the site of the suicide with White in the patrol car. White claims that Birchfield drove at excessive speeds and that, because of the excessive speed, the patrol car became airborne as it crossed the railroad tracks.
Questions of whether a public officer is entitled to immunity are questions of law to be arrived at based on the facts of the situation. We hold as a matter of law that Birchfield is immune from tort liability based upon his decision to answer the call regarding the suicide in progress. While we recognize that White has alleged that the call was not directed specifically to Birchfield and that White has further alleged that Birchfield drove at an excessive speed, Birchfield's decision to answer the call in a life-threatening situation was within the boundaries of his discretion in performing his duties as a deputy sheriff.
The Mississippi Supreme Court has held that, under the distinction between ministerial and discretionary functions, "the official is immune only where that which he does in the performance of his lawful duties requires 'personal deliberation, decision and judgment.' " Davis v. Little,362 So.2d 642, 643 (Miss. 1978) (quoting Prosser, Law of Torts § 132 (4th ed. 1971)). The decision to respond to the radio call and the manner in which Birchfield responded required Birchfield to exercise his own judgment. To hold that his decision to respond to the call was not discretionary, but ministerial, and, thus, to expose Birchfield to liability for exercising his judgment, is to add unto the deputy sheriff the responsibility to ponder and ruminate over decisions that should be made in a split second. Therefore, however unwise in hindsight Birchfield's actions may seem, we hold that his decision to respond to the call regarding the suicide in progress and to drive at what is alleged to have been an excessive speed, was, in the context of the situation, within the scope of his discretionary functions as a deputy sheriff.
We hold that Birchfield is entitled to qualified immunity; therefore, the judgment of the trial court is affirmed as to Birchfield.
 II.
White alleges only one ground for recovery against the remaining defendants, that of respondeat superior.
A. Chambers County and Leak
This Court has established that "[a] sheriff is not an employee of a county for purposes of imposing liability on the county under a theory of respondeat superior." Parker v.Amerson, 519 So.2d 442 (Ala. 1987). The only ground of liability asserted against Chambers County and Leak is the theory of respondeat superior; therefore, the trial court correctly entered summary judgment in favor of Chambers County and Leak.
B. Chambers County Sheriff's Department
The Chambers County Sheriff's Department is not a legal entity subject to suit. Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department.
The pleadings of both parties seem to indicate that the party meant to be named was Sheriff James C. Morgan. Sheriff Morgan was never properly added as a party to this action. In his brief in support of the motion to dismiss the Chambers County Sheriff's Department, Sheriff Morgan requested that "for purposes of final disposition of this matter," the suit be viewed as one against not only the Sheriff's Department, but also against the sheriff. Because the pleadings were not amended before appeal, Sheriff Morgan is not properly before this Court. However, in the interest of complete justice, we will address his potential liability.
The sole claim of liability against the Sheriff's Department and, allegedly Sheriff Morgan, is respondeat superior. White alleges no personal involvement of Sheriff Morgan. InParker, this Court held that a sheriff was a state officer and, therefore, was immune from suit based upon alleged negligence in executing his discretionary duties of hiring a jailer.Parker, 519 So.2d at 446. *Page 1088 
In Montiel v. Holcombe, 240 Ala. 352, 199 So. 245 (1940), a suit brought against the sheriff of Mobile County to enjoin a prosecution, the defendant sheriff argued that "the suit was one essentially against the state, in that it [was] brought against the named officers whose official duties required them to perform the acts which the bill sought to enjoin." Id. at 354, 199 So. at 246. In affirming the trial court's dismissal of the action, this court stated:
 "The state has a manifest interest in and concern for the observance and enforcement of its criminal laws, and in the freedom of its officers to perform their duty in the detection of offenses and offenders against its laws. To restrain the sheriff and his deputies in that regard impinges upon — brings into question — the powers of the state itself. Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535."
Id. (quoting Ex parte State ex rel. Martin, 200 Ala. 15,75 So. 327 (1917)).
We hold that Parker stands for the proposition that the sheriff cannot be held liable under the theory of respondeat superior for the actions of his jailer because he is an officer of the state and the hiring of the jailer is one of his official duties. Thus, he is immune from this type of suit under Article I, § 14, Alabama Constitution of 1901. It follows that Sheriff Morgan is immune from liability based upon a theory of respondeat superior for the actions of his deputy, Birchfield. However, by this opinion, we are not to be understood as granting absolute immunity to a sheriff in all situations.
Our caselaw has established several exceptions to the rule of absolute immunity:
 "[A] state officer or employee is not protected by § 14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. See Lumpkin v. Cofield, 536 So.2d 62, 65
(Ala. 1988); Barnes [v. Dale, 530 So.2d 770 (Ala. 1988)], at 782; DeStafney v. University of Alabama, 413 So.2d 391, 393 (Ala. 1981); Gill v. Sewell, 356 So.2d 1196, 1198 (Ala. 1978); Unzicker v. State, 346 So.2d 931, 933 (Ala. 1977); St. Clair County v. Town of Riverside, 272 Ala. 294, 296, 128 So.2d 333, 334 (1961). In addition, a state official is not immune from a suit to compel the performance of a legal duty, a suit to enjoin the enforcement of an unconstitutional law, a suit to compel the performance of a ministerial act, or a suit brought under the Declaratory Judgment Act. See DeStafney, 413 So.2d at 393 (citing Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 679 (1971)); Gill, 356 So.2d at 1198; and Milton v. Espey, 356 So.2d 1201, 1203 (Ala. 1978)."
Phillips, 555 So.2d at 83.
A claim of respondeat superior does not fit into any of these special exceptions to the absolute immunity afforded to state officials when the action is, in essence, one against the state. White's claim against Sheriff Morgan, based not upon the sheriff's actions as an individual, but upon his official position as "employer" of Birchfield, is, in essence, a claim against the state; therefore, that claim is barred by the absolute immunity of Article I, § 14, of the Alabama Constitution of 1901.
We hold that Birchfield is entitled to substantive immunity, and that the remaining defendants, Leak, Chambers County, and the Chambers County Sheriff's Department, the various "alleged employers" of Birchfield, have absolute immunity in this case. The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur. *Page 1089