On June 17, 1988, Dothan city police officers and Houston County sheriff's deputies broke into Barbara Coleman's apartment at Number Two, Martin Homes, while pursuing Paul Black on an outstanding misdemeanor warrant. Coleman sued the City of Dothan and Houston County, alleging negligence, wantonness, invasion of her right to privacy, and trespass. On August 27, 1991, the day of trial, the trial court entered a summary judgment for Houston County, but granted Coleman's motion to add as defendants the following individuals: Houston County Sheriff Lamar Hadden and Houston County sheriff's deputies Gary Jenkins and Tim Green. After Coleman presented her case, the trial court granted the remaining defendants' motion for a directed verdict, and Coleman appeals from the resulting judgment.[1]
We note, initially, that Hadden, Jenkins, and Green consented to being added as defendants immediately prior to trial. The record contains the following exchange:
 "THE COURT: Gary Jenkins and Tim Green will be added as parties defendant, and I am denying the motion to continue, and that is on the condition and on the basis that the sheriff and the deputies — Sheriff Hadden and Deputies Tim Green and Gary Jenkins — don't object to going on to trial.
 "MR. SHERRER [Counsel for the defendants]: I have discussed it with those individuals, and they are ready to go to trial."
The trial court limited the case against those individuals to the count alleging trespass, because the statutory period of limitations had run with regard to the remaining counts. See Ala. Code 1975, §§ 6-2-34(2) and 6-2-38(l). Coleman contends that that holding was incorrect, because, she argues, her amendment adding Hadden, Jenkins, and Green "related back" to her original complaint. That argument fails, because this is not a relation-back situation. The trial court's holding in that regard was, therefore, correct.
The only theory of liability asserted against Houston County was that of respondeat superior. Because a sheriff is not an employee of a county for vicarious liability purposes, seeWhite v. Birchfield, 582 So.2d 1085 (Ala. 1991), Houston County cannot be liable in this case. Therefore, the summary judgment in its favor was proper.
Likewise, respondeat superior was the only theory of liability asserted against the City of Dothan. Coleman did not name any city officers in her suit; thus, the directed verdict in favor of the City of Dothan was also proper.
We must now decide whether Deputies Green and Jenkins are entitled to sovereign immunity. We recently discussed that doctrine in White v. Birchfield, supra. In that case, a county police officer, Birchfield, was taking White to the county jail on a warrant charging harassing communications when Birchfield received a call indicating that there was a suicide in progress. Birchfield responded to the call even though it was not directed specifically to him. White's back was injured during the ensuing high speed drive, and he sued Birchfield, alleging negligence. He also sued Chambers County, the Chambers County Commission chairman, and the *Page 875 
Chambers County Sheriff's Department, alleging liability under the respondeat superior theory. The trial court entered a summary judgment for all of the defendants, and White appealed.
After holding that Birchfield was not entitled to absolute immunity, see DeStafney v. University of Alabama, 413 So.2d 391
(Ala. 1981), we went on to hold that Birchfield had acted within the scope of his discretionary authority and was, thus, entitled to qualified immunity. We affirmed the summary judgment with regard to Chambers County and the county commission chairman, based on Parker v. Amerson, 519 So.2d 442
(Ala. 1987), in which we held that a sheriff is not an officer of a county for the purpose of imposing liability under a respondeat superior theory. See, also, Hereford v. JeffersonCounty, 586 So.2d 209 (Ala. 1991).
After observing that the Chambers County Sheriff's Department was not a legal entity subject to suit and that the party White meant to name was Sheriff James C. Morgan, we stated in dicta:
 "White's claim against Sheriff Morgan, based not upon the sheriff's actions as an individual, but upon his official position as 'employer' of Birchfield, is, in essence, a claim against the state; therefore, that claim is barred by the absolute immunity of Article I, § 14, of the Alabama Constitution of 1901."
White v. Birchfield, 582 So.2d at 1088.
In this case, Sheriff Hadden was not present when the city and county officers broke into and searched Coleman's apartment. Because Hadden was sued in his official capacity, he was entitled to absolute immunity. Consequently, the directed verdict in his favor was proper.[2]
Green and Jenkins contend that the following statute shields them from liability:
"§ 15-10-9. Rearrest after escape or rescue.
 "If a person arrested escapes or is rescued, he may be immediately pursued by the officer or person in whose custody he was and retaken at any time and in any place in the state. If such officer or person is refused admittance, after notice of his intention, he may break open an outer or inner door or window of a dwelling house in order to retake the person so escaping or rescued."
In determining whether a directed verdict was proper, we must view all the evidence in a light most favorable to the non-movant, and we must entertain such reasonable inferences from the evidence as the jury would be free to draw.Williams v. Allstate Insurance Co., 591 So.2d 38 (Ala. 1991). As we stated recently:
 "A motion for directed verdict is a procedural device by which one party tests the sufficiency of the other party's evidence. The ultimate question, of course, is whether the nonmovant has presented sufficient evidence to allow submission of the case or issue to the jury for a factual resolution. For actions filed after June 11, 1987, the standard of review applicable to a motion for directed verdict is the 'substantial evidence rule.' Thus, in an action filed after June 11, 1987, a nonmovant must present 'substantial evidence' supporting each element of his cause of action or defense to withstand a movant's motion for a directed verdict."
Springer v. Jefferson County, 595 So.2d 1381, 1383 (Ala. 1992).
The record reveals the following: On June 17, 1988, Green and Jenkins, both officers in the narcotics division of the Houston County Sheriff's Department, came across Paul Black on Lake Street in Dothan while they were patrolling the area. The officers stopped Black, whom Green recognized from previous "criminal activity," and radioed in to their dispatcher, at which point they learned that there was an outstanding warrant on Black charging him with harassment. Although Black *Page 876 
struggled with the officers, they managed to handcuff him and get him into the back of their car. When the car stopped at an intersection, the officers heard the back door open, looked around, and saw Black running in the direction of Coleman's apartment at Martin Homes. Jenkins got out of the car and chased Black, while Green drove the car onto a field adjacent to Coleman's apartment building. Green called for city police to come and assist him and Jenkins, and officers Raymond Wiehe, Antonio Gonzales, Keith Gray, and James Hartzog responded to the call.
Jenkins, Wiehe, and Gonzales went to the back door to Coleman's apartment, and Green went to the front door. Although Wiehe announced his presence before kicking open the back door, no one responded. Jenkins and Wiehe went inside, while Gonzales secured the back door. Jenkins opened the front door for Green, and the three officers proceeded to search the entire apartment for Black, to no avail. Coleman was not in her apartment when the officers broke into it; however, her daughter, Nancy Hamilton, arrived shortly before all the officers left.
It is undisputed that neither Green nor Jenkins had the harassment warrant in his possession when they stopped Black. Coleman argues that because the initial arrest was invalid, § 15-10-9 is not available as a defense. However, applying theTerry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889
(1968), test for determining whether a person detained has been "seized" for Fourth Amendment purposes, we find it apparent that Black had been arrested, although not formally, because a reasonable person in his position would have believed that he was not free to leave. We conclude that, once Black escaped, Green and Jenkins had the authority, under § 15-10-9, to pursue him and, after giving notice of their intention, to "break open an outer or inner door or window of a dwelling house in order to retake the person so escaping." The record indicates that that is what the officers did.
Applying the rationale of White v. Birchfield, supra, to this case, we hold that Green and Jenkins were acting within the scope of their discretionary authority when they broke into Coleman's apartment in order to rearrest Black and that they are, therefore, entitled to qualified immunity. The judgments are affirmed as to all defendants.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] Although one of Coleman's arguments on appeal is that the defendants failed to move for a directed verdict, the record reveals that the defendants moved orally and in writing for a directed verdict.
[2] We are careful to point out, as we did in White v. Birchfield, supra, that a sheriff is not entitled to absolute immunity in all situations.