COOK, Justice
(concurring specially).
I concur in the issuance of the writ of mandamus, but write separately to express my opinion why this Court should not adopt the “collateral order doctrine,” which would allow an immediate appeal for State agencies or State employees acting within their public function where the agency or employee claims immunity and the trial court has rejected the claim. I do not believe it is necessary at this time to engraft onto our rules of procedure this right of immediate appeal. Any needed early review of immunity privileges can be provided by the mandamus procedure (Rule 21, Ala.R.App.P.), as in this case, or by Rule 5, Ala.R.App.P., which allows appeals by permission.
Alabama recognizes absolute immunity, commonly presented with regard to State agencies or public employees, granted under Art. I, § 14, Alabama Constitution of 1901, and qualified immunity, commonly referred to as discretionary function immunity. This Court has held that the question of immunity is a question of law for the courts to decide. Foreman v. State, [Ms. 1931068, March 31, 1995] — So.2d --- (Ala.1995); Smith v. King, 615 So.2d 69, 72 (Ala.1993); Nance v. Matthews, 622 So.2d 297, 300 (Ala.1993). See Mitchell v. Davis, 598 So.2d 801, 806-07 (Ala.1992); White v. Birckfield, 582 So.2d 1085, 1087 (Ala.1991); Phillips v. Thomas, 555 So.2d 81, 84 (Ala.1989); and Grant v. Davis, 537 So.2d 7, 8 (Ala.1988). However, many questions of immunity are fact-driven and cannot be decided on motions to dismiss. Fact-driven immunity questions should be first decided in the trial court, with a developed record. Our mandamus procedure and permissive appeal procedure give us the opportunity to review immunity questions on a case-by-case basis, which is the better procedure, especially where we are not being overrun by questions of immunity in litigation involving State agencies or public employees.
I am not persuaded that we have reached the point in Alabama that we must, either because of the number of cases or for some other reason, search for other ways to deal with questions of immunity. The United States Supreme Court in its most recent interpretation of the collateral order doctrine, in Johnson v. Jones, 515 U.S. -, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), held that a district court order denying a defendant a summary judgment on the basis of a claimed immunity was a fact-related determination that could not be immediately appealed. The United States Supreme Court appears to be refining the doctrine in such a manner as to come full circle to where that Court began, that is, to determining on a case-by-case basis, in evidence-sufficiency eases, whether a case is appropriate for appeal. Present Alabama practice allows this Court to make such a review and determination. This Court has not been presented with evidence that claims of immunity are falling on deaf *1281 ears, that petitions for permission to appeal are not being adequately considered, or that State agencies or employees are being forced into long and costly litigation in instances where the trial court should have accepted an immunity claim. In the absence of such evidence, to adopt a right of immediate appeal would be to solve a nonexistent problem. Justice Breyer, writing for the Supreme Court in Johnson, cogently pointed out practical problems appellate courts face in immunity cases that present evidence-sufficiency questions:
“[Questions about whether or not a record demonstrates a ‘genuine’ issue of fact for trial, if appealable, can consume inordinate amounts of appellate time. Many constitutional tort cases, unlike the simple “we didn’t do it’ case before us, involve factual controversies about, for example, intent— controversies that, before trial, may seem nebulous....
[[Image here]]
“... [A]n interlocutory appeal concerning this kind of issue in a sense makes unwise use of appellate courts’ time, by forcing them to decide in the context of a less developed record, an issue very similar to one they may well decide anyway later, on a record that will permit a better decision.”
515 U.S. at -, 115 S.Ct. at 2158. While this Court should seek cures for ills, where no ill exists, no cure is needed. There is simply no evidence that our present practice is inadequate or that the adoption of the collateral order doctrine would substantially aid in properly and timely resolving immunity issues.
BUTTS, J., concurs.