JOHNSTONE, Justice
(dissenting).
While I concur with the majority in reversing the trial court on its denial of the motion for summary judgment filed by the Department of Transportation, I dissent from the reversal of the denial of the individual defendants’ motion for summary judgment. I dissent because the main opinion violates clear and settled principles of law by conducting this interlocutory review of the merits of a motion for summary judgment at the instance of individual defendants who have invalidly invoked qualified immunity.
Qualified immunity bars only claims for a state employee’s negligence in the performance of a discretionary function. Phillips v. Thomas, 555 So.2d 81 (Ala.1989); Barnes v. Dale, 530 So.2d 770 (Ala.1988); and DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1981). The individual defendants presently before us are not sued for negligence. They are sued only for intentional misconduct and willful fraud. The plaintiffs have voluntarily dismissed all other theories. Qualified immunity cannot bar a claim for intentional misconduct or willful fraud. Phillips, supra; Barnes, supra; and Unzicker v. State, 346 So.2d 931, 933 (Ala.1977) (holding that the trial court erred by granting summary judgment grounded on immunity in favor of state employees sued on the theories that they “acted fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law”).
The general rule in Aabama is that the appellate courts will not review a denial of a motion for summary judgment. Alabama Processing Co. v. Utilities Bd. of the Town of Citronelle, 527 So.2d 690 (Ala.1988); Rule 54(b), Ala. R. Civ. P. The reasons for the rule are judicial economy and a balance of the conflicting interests of the opposing parties. One exception to this rule is permissive appeal under Rule 5, Ala. R.App. P., not invoked in the case now before us. The only other exception is that we will, on petition for writ of mandamus, review the validity of an assertion of immunity rejected by a trial court in denying a motion for summary judgment. Ex parte Davis, 721 So.2d 685 (Ala.1998); Ex parte Purvis, 689 So.2d 794 (Ala.1996).
*1272 This issue turns entirely on the presence or absence of the essential elements of immunity. It does not in any way involve the merits of the claims asserted by the plaintiff. Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1151 (11th Cir.1994) (en banc) (“A decision on qualified immunity is separate and distinct from the merits of the case.”).
The only elements of immunity are (1) the status of the defendant and (2) the theory of the claim. See Ex parte Alabama Dep’t of Forensic Sciences, 709 So.2d 455 (Ala.1997); Phillips, supra; and DeStafney, supra. For instance, a defendant with
(1) the status of a state employee performing a discretionary function in (2) an action alleging a theory of negligence, would be immune. Ex parte Alabama Dep’t of Forensic Sciences, supra; Nance v. Matthews, 622 So.2d 297 (Ala.1993); and White v. Birchfield, 582 So.2d 1085 (Ala.1991).
A defendant’s innocence of the gravamen of the claim is not an essential element of immunity, which bars claims against the guilty as well as against the innocent. Thus, no defendant need show innocence to enjoy the bar, and no showing of guilt will defeat the bar. See White v. Birchfield, 582 So.2d at 1087 (a deputy sheriff was immune from a claim that he injured an arrestee-passenger in his patrol car by driving it at an excessive rate of speed and bouncing the arrestee around inside the car). See also Lassiter, 28 F.3d at 1150 (“Immunity contemplates exemption from liability that would otherwise exist on the merits”); and 67 C.J.S. Officers — Liabilities for Acts or Omissions § 206 (1978) (“The doctrine of official immunity does not simply protect against ultimate liability, but halts the inquiry at the threshold of the question as soon as it is established that matters complained of arose as a -result of defendant’s actions in the course of his official duties”). Rather, if both of the two essential elements— status and theory — be established, the defendant is immune and the bar is effective. Phillips, supra; Nance, supra; and White, supra. Conversely, if either of the two essential elements be missing, the defendant is not immune and the bar is not effective. DeStafney, supra (a University of Alabama daycare worker sued on the theory that she negligently injured a three-year-old boy lacked immunity because the worker was not performing a discretionary function when the injury occurred); Milton v. Espey, 356 So.2d 1201 (Ala.1978) (the director of the University of Alabama Activity Center who performed a discretionary function in negotiating an employment contract with Milton for the position of assistant director of the center was immune from a claim for negligence but was not immune from a claim for fraudulent misrepresentation in the course of the negotiations); and Unzicker, supra (although the Governor and other state officials were performing a discretionary function in negotiating contracts involving the use of property in which the State had a definite right or interest, they were not immune from a property owner’s claims that they “acted fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law”).
If a defendant is not immune, the defendant must defend the claim the same way all other non-immune defendants must defend. Otherwise, any defendant could achieve interlocutory scrutiny of the merits of the plaintiffs claim by insisting on a spurious assertion of immunity, as the individual defendants before us have done.