STUART, Justice
(dissenting).
I respectfully dissent from the majority’s refusal to issue a writ of mandamus directing the trial court to enter a summary judgment on all claims asserted against the petitioner, James B. Wharton, an Alabama state trooper, based on State-agent immunity.
On December 28, 1999, Trooper Wharton was operating a traffic radar gun on Union Grove Road; he clocked a yellow Ford Mustang automobile, traveling at 74 miles per hour in an area where the posted speed limit was 45 miles per hour. Trooper Wharton activated his blue lights and siren and pursued the Mustang. The driver of the Mustang did not stop, but instead accelerated. Trooper Wharton pursued the Mustang for approximately two minutes before he lost control of his vehicle and collided with a vehicle driven by Jan Parks Dunn. Dunn died as a result of injuries she sustained in the collision.
On July 14, 2000, Ricky Dunn and Sally Clark Hammonds, as personal representatives and co-administrators of the estate of Jan Parks Dunn, sued Trooper Wharton, alleging that he had negligently caused Dunn’s death. Trooper Wharton filed a motion for a summary judgment on the ground that he was entitled to State-agent immunity. The trial court denied his motion for a summary judgment, holding that “material facts are in dispute which call in question whether or not [Trooper Wharton] exercised ‘due regard’ ” for the safety of others, as required in § 32-5A-7(d), Ala.Code 1975.
Trooper Wharton asks this Court to direct the trial court to enter a summary judgment in his favor on the ground that he is protected against civil liability for his actions by the doctrine of State-agent immunity.
First, I agree with Justice Houston, who notes in his dissent that a summary judgment in favor of Trooper Wharton is proper in light of § 6-5-338(a), Ala.Code 1975. That section provides:
“Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace .officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.”
(Emphasis added.)
The language of this statute is clear, and the statute is applicable to this situation. Trooper Wharton is a peace officer employed pursuant to the Constitution or statutes of this State to serve and protect the people of Alabama. His responsibili *115 ties include the enforcement of the criminal laws — including traffic laws — of this State. He is empowered by the laws of this State to arrest and to take into custody persons who violate the criminal laws of this State. When exercising those duties, Trooper Wharton is an officer of the State and therefore has “immunity from tort liability arising out of his ... conduct in performance of any discretionary function within the line and scope of his ... law enforcement duties.” Trooper Wharton’s decision to pursue the speeding vehicle was within the line and scope of his duties as a law-enforcement officer to protect the citizens of Alabama during their travels along the roads of this State. Consequently, he is entitled, pursuant to § 6-5-338(a), Ala.Code 1975, to immunity from tort liability in a case such as this one.
Moreover, Trooper Wharton is entitled to State-agent immunity pursuant to this Court’s holding in Ex parte Cranman, 792 So.2d 392 (Ala.2000). In Cranman, this Court stated:
“A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s
[[Image here]]
“(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers’ arresting or attempting to arrest persons ....
[[Image here]]
“Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
“(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
“(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.”
792 So.2d at 405.
My review of Trooper Wharton’s immunity claim in light of the Cranman standard indicates that Trooper Wharton is protected under the doctrine of State-agent immunity because the accident occurred while he was discharging his duty to enforce the criminal laws of the State.
The evidence before us indicates that Trooper Wharton’s decision to pursue the Mustang, which was traveling in excess of the speed limit and endangering the safety of other drivers, was made while he was acting in his official capacity. Trooper Wharton pursued the Mustang for approximately two minutes before he lost control of his vehicle and hit Dunn’s vehicle. James Patterson, the leader of the Alabama Department of Public Safety accident investigation team that analyzed the accident, testified that the review board for the Alabama Department of Public Safety found that Trooper Wharton was not negligent. The investigation indicated that Trooper Wharton was unable to safely negotiate a curve in the road where the accident occurred because during the pursuit he was driving approximately 13 miles per hour above the speed at which it is possible to negotiate the curve without entering the oncoming lane of traffic. Additionally, the evidence indicated that Trooper Wharton failed to perceive the actual radius of the curve and to observe a dip in the surface of the road. The review board concluded that the evidence indicated that Trooper Wharton had followed all the orders, regulations, and State laws required *116 of a law-enforcement officer engaged in a vehicle pursuit.
Section 32-5A-7(b)(3), Ala.Code 1975, authorizes a law-enforcement officer pursuing a violator of the law to “[e]xceed the maximum speed limits so long as he does not endanger life or property.” Indeed, the officer is not relieved of the duty to exercise “due regard for the safety of all persons” during the pursuit. § 32-5A-7(d). However, “[t]he mere fact that a police officer exceeds the maximum speed limit during a pursuit ... does not present a genuine issue of material fact as to the liability of that officer for negligence.” Doran v. City of Madison, 519 So.2d 1308, 1314 (Ala.1988).
Nothing before us indicates that Trooper Wharton was not acting without “due regard” for the safety of others. Trooper Wharton was authorized to pursue the driver of the vehicle, who was violating the law. He followed the applicable policies and procedures of the Department of Public Safety before and during the pursuit. Trooper Wharton was engaged in pursuit of the fleeing vehicle for approximately two minutes before the accident occurred. During the pursuit, Trooper Wharton did exceed the speed at which he could safely navigate the curve, but nothing indicates that in doing so he was acting without “due regard” for his safety or for the safety of others. Nothing before us indicates that another law-enforcement officer when confronted with the same or similar circumstances would have reacted differently or driven differently. Indeed, the report of the investigation team indicates that Trooper Wharton exercised the standard of care expected of a law-enforcement officer engaged in hot pursuit. Additionally, while Trooper Wharton may have misjudged the speed at which he could safely navigate the curve, nothing before us indicates that Trooper Wharton acted willfully, maliciously, fraudulently, in bad faith, or beyond his authority.
While it is easy to question Trooper Wharton’s judgment during the pursuit in light of the resulting accident and fatality, at the time of the incident, Trooper Wharton was exercising his judgment in the enforcement of the criminal laws of this State. To hold that there is a genuine issue of material fact in this case when Trooper Wharton was pursuing a driver who was violating the traffic laws of this State and endangering the safety of other drivers, imposes upon all law-enforcement officers “the responsibility to ponder and ruminate over decisions that should be made in a split second.” White v. Birchfield, 582 So.2d 1085, 1087 (Ala.1991).
Viewing the facts in a light most favorable to Dunn, I would conclude that there is no genuine issue of material fact as to whether Trooper Wharton exercised “due regard” for the safety of others during his pursuit. There is no evidence indicating that Trooper Wharton acted beyond his authority or without “due regard” as compared to other law-enforcement officers engaged in hot pursuit. State-agent immunity protects law-enforcement officers of the State in the exercise of their judgment in enforcing the laws of this State. While I acknowledge that in hindsight Trooper Wharton’s actions may appear unwise and questionable, his decision to enforce the laws of this State and to pursue a traffic offender was, in this situation, within the scope of his judgment as a state trooper. Applying the Cranman standard to the facts of this case, I conclude that the trial court erred in denying Trooper Wharton’s motion for a summary judgment.
In light of the foregoing, I respectfully dissent. In dissenting, however, I do not mean to negate the gravity of this accident. The grief of the victim’s family and *117 the burden Trooper Wharton must carry-are profound.
BROWN, J., concurs.