155 So. 640

## HOLCOMBE v. MOBILE COUNTY.
### I Div. 830.

Supreme Court of Alabama.
June 21, 1934.

George A. Sossaman and V. R. Jansen, both of Mobile, for petitioner.

Gordon, Edington & Leigh, of Mobile, for respondent.

FOSTER, Justice.

Section 2 of the Act of September 29, 1923, p. 704, provides that sheriffs must feed the prisoners in jail according to the terms of that act. Section 3 was amended by one approved September 6, 1927, p. 693, so that the state shall pay the sheriffs "for food for each prisoner daily," not exceeding 45 cents per capita. Section 4 of the Act of 1923 is an amendment of the law contained in Code, § 4828, though not mentioning the Code section, and it was in turn amended in respect to de-

tail by the Act of 1927, supra, and provides additional compensation for "preparing and serving" the food.

So that the status of the law is that (1) the feeding of prisoners in jail is controlled by the Act of 1923, as amended by the Act of 1927; (2) the state shall pay for the necessary cost of the food, not exceeding 45 cents per day for each prisoner, and for "preparing and serving (the) food" an additional amount as there specified.

■ Section 4878, Code, relates only to the expense of construction, maintenance, sanitation, healthfulness, and hygiene of the buildings named. The term "maintenance" there has no relation to the prisoners, but to the jail and its equipment. That term so used would no more require the county to furnish fuel to cook the food than to furnish the food itself. To extend it beyond maintenance of the building and its equipment would go beyond its language, and its setting, and be contrary to the terms of the Acts of 1923 and 1927, supra.

■ The provision of section 4 of the Act of 1923, as amended in 1927, that the state shall pay a stipulated amount for "preparing and serving" the food, necessarily means the preparation for its service, as well as its service, and that includes the fuel for cooking as well as the cook, since it is not prepared for service until it is cooked, when cooking is necessary to its consumption as food.

Moreover, the Act of 1923 excludes the idea that the expense, or any of it, shall be otherwise paid than as there stated.

We concur in the opinion of the Court of Appeals, and certiorari is denied.

Writ denied.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.