Gary King appeals from a summary judgment entered in favor of the defendants, Colbert County, the Colbert County Sheriff's Department, and John L. Aldridge, individually and in his capacity as sheriff of Colbert County.
The evidence, viewed most favorably for King, suggests: On January 15, 1992, Gary King was incarcerated in the Colbert County Jail. A fellow prisoner in King's cell stepped on a metal toilet to screw a light bulb into an overhead fixture. Because the outlet was faulty, the prisoner was electrocuted. While attempting to rescue the prisoner, King was injured. He received a severe electrical shock and suffered cuts, bruises, and abrasions. As a result of his injuries, King was hospitalized for several days.
King sued, alleging that his injuries were caused by negligent maintenance and wantonness on the part of the defendants. The trial court entered a summary judgment in favor of all of the defendants.
A summary judgment is proper when the motion and the materials submitted *Page 625 
in support thereof "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), A.R.Civ.P. The party moving for a summary judgment initially must make a prima facie showing that there are no genuine issues of material fact. Lee v. City of Gadsden, 592 So.2d 1036 (Ala. 1992). If this burden is met, the nonmovant may rebut the prima facie showing with "substantial evidence." Ala. Code 1975, § 12-21-12. To satisfy the "substantial evidence test," the nonmoving party is required to present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). "[O]n review of a summary judgment, we must view all the evidence in a light most favorable to the nonmovant and we must entertain all reasonable inferences from the evidence in favor of the nonmovant." Lee,592 So.2d at 1038.
 I. The Claims Against Colbert County
The sheriff of Colbert County is a constitutionally established executive officer of the State of Alabama (Ala. Const. 1901, Art. V, § 112, § 138) and is not considered an employee of the county for the purposes of imposing liability upon the county. Parker v. Amerson, 519 So.2d 442 (Ala. 1987). The sheriff's authority over the jail is totally independent of the Colbert County Commission. Ala. Code 1975, § 14-6-1. Therefore, even if Aldridge can be held liable for his conduct as sheriff of Colbert County, Colbert County itself cannot be held vicariously liable for his actions or inaction.
King principally argues, however, that Colbert County had a statutory duty to maintain the jail in good repair. Ala. Code 1975, § 11-14-10 provides: "The county commission shall erect courthouses, jails and hospitals and other necessary county buildings, and such county commission shall have authority to levy a special tax for that purpose. Each county within the state shall be required to maintain a jail within their county." Under § 14-6-104, the county is obligated to pay any expenses for the maintenance of the jail. While legal custody and charge of the jail is vested in the sheriff, § 14-6-1, the chairman of the county commission is authorized to enter and inspect the jail once each week. § 11-14-22.
Interpreting the statute that is now § 11-14-10, this Court stated that the phrase "expense incident to the . . . maintenance . . . of each county jail" refers to "maintenance of the building and its equipment." Holcombe v. Mobile County,229 Ala. 77, 78, 155 So. 640, 640 (1934). In Keeton v. FayetteCounty, 558 So.2d 884, 886 (Ala. 1989), we held that, "by using the phrase 'maintain a jail' in § 11-14-10, the Legislature intended to require the county commission to keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline."
In his affidavit in support of Colbert County's motion for summary judgment, Charles H. Thompson, the Colbert County administrator, stated,
 "The maintenance and running of the county jail is not a function of Colbert County, but is a function of the Sheriff of Colbert County or his duly appointed deputy. The County of Colbert did not maintain the jail at the time alleged in the complaint and did not cause any part of the jail to become in disrepair or cause any condition which could cause an electrical shock to any inmate. . . . [T]he County did no [maintenance] or work inside the jail building."
Because we hold that § 11-14-10 places an affirmative duty upon the County to maintain the jail and keep it in a state of repair, we conclude that the court erred in granting Colbert County's motion for a summary judgment. Colbert County's assertion that it did not actively cause a condition of disrepair cannot, independently of other evidence, save the County from liability.
Colbert County had a legal duty to keep the jail in a reasonably safe state of repair. In order to prevail at trial, however, *Page 626 
King must also prove that the County breached that duty and that its breach was the proximate cause of King's injury. Considering Colbert County's motion for summary judgment and the brief and affidavits submitted in support thereof, we conclude that Colbert County failed to make a prima facie showing that there was no genuine issue of material fact with regard to these other elements. Therefore, the burden did not shift to King to present substantial evidence in support of his claims against the county.[1] Ex parte Head, 572 So.2d 1276
(Ala. 1990). Accordingly, the summary judgment is reversed as to Colbert County, with regard to both the negligence claim and the wantonness claim. Rule 56(c)(3); Bird v. Auto Owners Ins.Co., 572 So.2d 394 (Ala. 1990).
 II. The Claims Against Aldridge
An action against a sheriff is "essentially a suit against the state." Montiel v. Holcombe, 240 Ala. 352, 354,199 So. 245, 245 (1940). "[T]he State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. 1901, Art. I, § 14. Accordingly, we have held:
 "[A] sheriff . . . is immune . . . from suit based on state law claims arising out of the execution of the duties of his office, except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under a mistaken interpretation of the law, or (5) under the Declaratory Judgment Act to seek construction of a statute if he is a necessary party for the construction of the statute."
Boshell v. Walker County Sheriff, 598 So.2d 843, 844
(Ala. 1992). King's claims against Aldridge do not fall within any of these exceptions. Accordingly, the summary judgment is affirmed as to Aldridge, as sheriff of Colbert County.
Any acts Aldridge did or failed to do with regard to the Colbert County jail were done or omitted in his official capacity as sheriff of Colbert County rather than as an individual. Therefore, the summary judgment is also affirmed as to Aldridge, individually.
 III. The Claims Against the Colbert County Sheriff's Department
In addition to Colbert County and Sheriff Aldridge, King's complaint named the "Colbert County Sheriff's Department" as a defendant. The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it. See, White v. Birchfield, 582 So.2d 1085 (Ala. 1991).
 CONCLUSION
The summary judgment is reversed as to King's claims against Colbert County; it is affirmed as to the claims against John L. Aldridge, individually and as sheriff of Colbert County; and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] Because the issue is not properly before us in this case, we express no opinion on whether King presented substantial evidence of each of the elements of his negligence and wantonness claims against the county.