James Anthony Stark appeals from a summary judgment entered in favor of Madison County and the Madison County Commission (Madison County) in his action to recover damages for personal injuries sustained in a slip and fall accident. Stark alleges that Madison County failed to keep the premises in a safe condition or to otherwise warn him of a hazardous condition. This case is before us pursuant to § 12-2-7(6), Code 1975.
The record reflects that at the time of the injury, Stark was incarcerated in "the Madison County Work Release Annex # 3." He alleged in his complaint that on April 24, 1992, while attempting to use the bathroom, he slipped and fell in a puddle of water, or some other foreign substance, which was on the floor of the bathroom.
Madison County filed a motion for a summary judgment, with supporting affidavits. The proffered evidence showed that at the time of the alleged fall, Madison County had no involvement in the daily operation of the Madison County jail. Inmates in the Madison County jail were supervised and controlled by the Madison County sheriff and his employees. The facilities housing the Madison County jail, including Annex # 3, were operated, maintained, cleaned, controlled, and supervised by the sheriff of Madison County and his employees. Neither Madison County nor any of its employees were involved in the maintenance, operation, supervision, cleaning, or control of the facilities housing the Madison County jail or Annex # 3.
The facts in this case are undisputed. The dispositive issue on appeal is whether Madison County owed Stark a duty to keep the floors of the jail clean and free from water or any foreign substance.
The duties of Madison County as they relate to the county jail are limited to funding the operation of the jail and to providing facilities to house the jail. Section 11-14-10, Code 1975, directs a county to "erect courthouses, jails and hospitals." That section *Page 788 
further provides that a county "may erect and/or maintain a jail upon any property owned by the county located within the county." The duty to "maintain a jail" has been interpreted by our supreme court as requiring the county "to keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline." Keeton v. Fayette County,558 So.2d 884 (Ala. 1989).
Stark asserts that this duty extends to the facts of this case and imposes a duty on Madison County to keep the floors of the jail clean and free from water or any foreign substance. In support of this assertion, Stark relies on King v. ColbertCounty, 620 So.2d 623 (Ala. 1993).
In King, an inmate sued Colbert County for injuries he sustained as a result of a faulty electrical outlet. Our supreme court held that § 11-14-10 required Colbert County to " 'keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline.' " King, quoting Keetonv. Fayette County, 558 So.2d 884 (Ala. 1989). Based on this finding, our supreme court reversed a summary judgment in favor of Colbert County. The duty described by the court in King
related only to the maintenance of the facility housing the jail and the equipment therein. Neither King nor Keeton
supports Stark's proposition that Madison County owed him a duty to ensure that the floors in the bathroom of the jail were kept free from puddles of water. This duty clearly relates to the cleanliness of the jail and is statutorily reserved for the sheriff and his staff.
Section 11-14-20, Code 1975, directs the county to make appropriations for the costs associated with the operation of the jail. Once the appropriation is made, § 11-14-21, Code 1975, directs the sheriff to operate the jail, including maintaining the cleanliness of the jail. That section provides the following:
 "The appropriation having been made and the sheriff having received payment thereof, it is the duty, so far as such appropriation will enable him, to keep the jail supplied with wholesome water for drinking and bathing, to keep drinking water accessible at all times to each prisoner and to keep it comfortably warm in cold weather, at all times clean, free from offensive odors and provided with necessary water closets or dry earth, beds, bedding and clothing for the use of prisoners."
Section 14-6-95, Code 1975, also directs the sheriff to maintain the jail in a "clean and sanitary condition." If the sheriff fails to fulfill his duties under these sections, he may be fined pursuant to § 14-6-21, Code 1975.
These statutory provisions do not create a duty requiring Madison County to perform, or to be responsible for, the day-to-day cleaning of the jail. That duty is statutorily placed with the sheriff. Madison County's duty is to provide adequate facilities and equipment to house the jail and to provide funding for certain aspects of operating the jail. Unlike the facts in King, the condition and repair of the facilities of the jail were not at issue here. Stark's complaint did not allege, nor did he submit any evidence to show, that the water alleged to have been on the floor resulted from the condition or the repair of the jail and the equipment contained therein.
Madison County does not have the legislative authority or responsibility to keep the jail clean. The responsibility is reserved solely for the sheriff, for whose acts Madison County has no liability. Parker v. Amerson, 519 So.2d 442 (Ala. 1987).
There being no genuine issue as to any material fact, we find that Madison County was entitled to a summary judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859
(Ala.Civ.App. 1991).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur. *Page 789