Sherry SHAW, personally and as Administrator of the Estate of Winston Stroud, Deceased, Plaintiff,

v.

COOSA COUNTY COMMISSION, et al., Defendants.

Civil Action No. 03–F–1034–N.

United States District Court, M.D. Alabama, Northern Division.

Aug. 4, 2004.

John A. Bivens, John A. Bivens, PC, Tuscaloosa, AL, for Plaintiff.

Bart Gregory Harmon, Webb & Eley, P.C., Kelly G. Davidson, Webb & Eley, P.C., Kendrick E. Webb, Webb & Eley, P.C., Montgomery, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

FULLER, Chief Judge.

On October 16, 2003, Sherry Shaw (hereinafter "Shaw") filed suit against the Coosa County Commission (hereinafter "the County Commission"), William A. Evans individually and as Sheriff of Coosa County (hereinafter "Evans"), and fictitious parties. Shaw brings suit individually and as Administrator of the estate of her deceased father Winston Stroud (hereinafter "Stroud"). It is alleged that Stroud died while an inmate in the Coosa County Jail, where he was serving a ninety day sentence upon conviction for domestic violence. In this action, Shaw asserts state and federal law claims against both Evans and the County Commission arising from the death of Stroud.

This cause is presently before the Court on the Motion to Dismiss Defendant Coosa County Commission (Doc. # 5). The County Commission contends that as a matter of law it cannot be held liable for the policies and conduct of the Sheriff, his employees or jail operations and that it is immune from claims for punitive damages. The Court has reviewed the numerous submissions of the parties relating to the motion to dismiss and finds that it is due to be GRANTED in part and DENIED in part.

### JURISDICTION AND VENUE

The parties have not disputed that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343(4) and 1367. Additionally, defendants have not argued that the Court does not have personal jurisdiction over each of them. There is no dispute over whether venue is appropriate.

### PROCEDURAL BACKGROUND AND FACTS

Shaw's Complaint contains six counts. Count One alleges that Evans and the County Commission are responsible for the wrongful death of Stroud. Count Two alleges that as a result of the conduct of Evans and the County Commission Stroud

was caused grievous pain and suffering. Count Three alleges that "Defendant" negligently trained, hired, counseled, and supervised "the Defendants" and as a result Stroud suffered pain and suffering and died. Count Four alleges that pursuant to Sections 14–6–20 and 14–6–19 of the Code of Alabama, the County Commission has a duty to provide adequate medical care in the county jail and adequate funding for necessary medicines and medical attention to inmates in the county jail. Count Four further alleges that the County Commission breached that duty with respect to maintaining the Coosa County jail and failed to provide necessary medical treatment to Stroud while he was incarcerated in the Coosa County jail. Count Five alleges that Evans violated Stroud's Fourteenth Amendment right as an inmate to receive reasonable medical treatment and seeks a remedy pursuant to 42 U.S.C. §§ 1983 and 1988. Finally, Count Six alleges that the County Commission acted with deliberate indifference to the medical needs of inmates in the county jail by failing to provide adequate funding to meet such needs and by failing to provide adequate funding to staff the jail so that personnel is able to perform their duties in such a way as to prevent deprivations of the inmates' rights to medical attention. In Count Six, Shaw asserts a claim against the County Commission pursuant to 42 U.S.C. §§ 1983 and 1988. Shaw demands $2,000,00.00 damages on each count and reasonable attorneys fees.

Shaw's claims are based on the following allegations of fact. On October 17, 2001 Stroud was an inmate in the Coosa County Jail. He was serving a ninety-day sentence for a conviction for domestic violence. He was not screened for a determination of proper medical care. His sickness, the nature of which is not specified in the Complaint, was not treated, and he was generally mistreated and neglected. As a result of this mistreatment and neglect, Stroud died on October 18, 2001.

## MOTION TO DISMISS STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). The Court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *See Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. Moreover, the Court is aware that the threshold that a complaint must meet to survive a motion to dismiss is "exceedingly low." *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted).

## DISCUSSION

### A. Punitive Damages

 To the extent that the Complaint could be read to include a claim or claims for punitive damages against the County Commission, such claims must be dismissed. The County Commission correctly argues that punitive damages may not be awarded against it pursuant to Alabama law. *See* Ala.Code § 6–11–26 (1975); *Harrelson v. Elmore County, Ala.,* 859 F.Supp. 1465, 1469 (M.D.Ala.1994) (applying statute to strike punitive damages claims made under state law). Moreover, it is well-settled that local government entities are immune from punitive damages in action brought pursuant to 42 U.S.C. § 1983.

*See, e.g., City of Newport v. Fact Concerts, inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Harrelson,* 859 F.Supp. at 1468. Similarly, Alabama law does not permit the award of punitive damages against a county. Ala.Code § 6–11–26 (1975). Therefore, the County Commission's motion to dismiss plaintiff's claims for punitive damages is due to be GRANTED and plaintiff's claims for punitive damages against the Coosa County Commission are due to be STRICKEN.

**B. Claims Against The County Commission**

**1. Vicarious Liability for Actions of Evans**

■ Some of the allegations of Plaintiff's Complaint clearly seek to impose liability on the County Commission because it employed Evans. *See* Compl. at ¶ 5. The County Commission correctly notes that this is not a proper legal basis for holding the County Commission liable. Alabama counties possess no authority over the daily operation of jails or supervision of inmates. *See, e.g., Turquitt v. Jefferson County, Ala.,* 137 F.3d 1285 (11th Cir.), *cert. denied,* 525 U.S. 874, 119 S.Ct. 174, 142 L.Ed.2d 142 (1998). Plaintiff makes no argument which would support the imposition of liability on the County Commission for the actions of Evans. Accordingly, the Court finds that the Motion to Dismiss (Doc. # 5) is due to be GRANTED to the extent that it applies to all claims which seek to impose vicarious liability on the County Commission for the actions of Evans.

**2. Liability Based on County's Statutory Duties Regarding the Jail**

■ Relying on *Keeton v. Fayette County,* 558 So.2d 884 (Ala.1989) and Alabama Code Sections 11–14–10 (1975) and 14–6–19 (1975), Plaintiff contends that the County Commission is liable for Stroud's death because it breached its duties under Alabama law. Specifically, Plaintiff argues that the County Commission has the responsibility of "maintaining" a jail in the county which extends to providing medical treatment to inmates and that the County Commission is financially responsible for providing "necessary medicines and medical attention" to inmates in the county jail.

■ The Court begins its analysis by examining the relationship between Alabama counties and their sheriffs and the delineation of duties between the two. Under Alabama law, counties have only the powers delegated to them by the legislature. *See Turquitt,* 137 F.3d at 1289. The sheriff, rather than the county, "has legal custody and charge of the jail in his county and all prisoners committed thereto...." Ala.Code § 14–6–1 (1975). Moreover, in matters related to the supervision of inmates and otherwise operating the county jails, Alabama's sheriffs are state, not county, officers, and a sheriff's authority is totally independent of the county commission. *Turquitt,* 137 F.3d at 1289–90. Sheriffs have full responsibility for daily management of the jails, including inmate supervision, and they are not subject to county oversight in their performance of this responsibility. *Turquitt,* 137 F.3d at 1289. The Alabama Department of Corrections, a state agency, oversees the county jails and has the authority to regulate and inspect them to aid in securing just, humane, and economic management. *Id.*

■ Alabama counties do possess some duties with respect to county jails. None of these duties "relates to the daily operation of the jails or to the supervision of inmates." *Turquitt,* 137 F.3d at 1289. "The duties of the counties with respect to the jails 'are limited to funding the operation of the jail and providing facilities to house the jail.'" *Id.* (citing *Stark v. Madi-*

*son County,* 678 So.2d 787, 787 (Ala.Civ. App.1996)). Moreover, Section 14–6–19 of the Alabama Code provides that

> [n]ecessary clothing and bedding must be furnished by the sheriff or jailer, *at the expense of the county,* to those prisoners who are unable to provide for themselves, *and also necessary medicines and medical attention to those who are sick or injured,* when they are unable to provide for themselves.

Ala.Code § 14–6–19 (1975) (emphasis added). This statutory section "places a duty on the county to fund [the medical care described in the statute]." *Gaines v. Choctaw County Comm'n,* 242 F.Supp.2d 1153, 1161 (S.D.Ala.2003).[1] Where, as here, it is alleged that a breach of the county's duty to provide adequate funding for medical treatment of and medicines for inmates of the county jail caused such an inmate to die (Compl. at ¶¶ 25, 26, & 39–43), this Court cannot say that the motion to dismiss should be granted. Viewing the facts alleged in the light most favorable to the Plaintiff, the Court cannot say that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See, e.g., Gaines,* 242 F.Supp.2d 1153. While it is true that the Eleventh Circuit Court of Appeals has recognized that under Alabama law a county is not responsible for assuring procedures are in place for inmates to get medical care, it is also true that the Eleventh Circuit Court of Appeals has acknowledged the role, albeit a limited one, assigned to counties under Alabama law to fund jails. Where, as here, a complaint alleges that the harm to plaintiff's decedent occurred because of a failure to fund medical treatment in an Alabama jail, the Court cannot say as a matter of law that

the county cannot be held liable. Accordingly, the motion to dismiss is due to be DENIED to the extent that the County Commission has argued it has no responsibility for the events alleged in the Complaint.

## CONCLUSION

For the foregoing reasons, it is OR-DERED that the Motion to Dismiss Defendant Coosa County Commission is GRANTED in part and DENIED in part as set forth in this Memorandum Opinion and Order.

---

1. Although the *Gaines* decision is not binding precedent on this Court, the Court finds that the *Gaines* decision, which addressed issues and arguments very similar to those presented by the instant motion, presents a thoughtful and well-reasoned analysis of the issues presented by the County Commission's motion in this case.