PARKER, Justice.
Sumter County; Johnny Hatter, the sheriff of Sumter County; and Deputy Sheriffs Terry Williams, David Rowry, and Robert Cottrell, defendants in an action pending in the Sumter Circuit Court, petition this Court for a writ of mandamus directing the Sumter Circuit Court to vacate its order issued on August 11, 2005, denying these defendants’ motion to dismiss. We grant the petition.

I. Background

On September 3, 2004, Robert M. Seale, the administrator ad litem for the estate of Jeffrey D. Fenner, filed a wrongful-death action in the Sumter Circuit Court, pursuant to § 6-5 — 410, Ala.Code 1975, based on the death of Jeffrey D. Fenner while he was confined in the Sumter County jail. The complaint alleges that Fenner had been diagnosed with schizophrenia that manifested itself as paranoia and delusional behavior. According to the administrator ad litem, Fenner was traveling by bus from Dallas, Texas, through Alabama, on March 15, 2003, when he allegedly suffered an episode of paranoia and delusions and had to leave the bus near Cuba, Alabama, a town in Sumter County. Fenner made his way to the McBride Truck Stop in Cuba. His behavior was such that employees summoned Cuba Police Chief Chris Vaughan, who arrested Fenner for assault and disorderly conduct. Fenner was transported to the Sumter County jail and placed in a cell. Sometime thereafter, Fenner committed suicide by hanging himself. Greyhound Lines, Inc., Chief Vaughan, Sumter County, Sheriff Hatter, Deputy Sheriff Williams, Deputy Sheriff Rowry, and Deputy Sheriff Cottrell were named as defendants in the wrongful-death action. Sheriff Hatter and Deputy Sheriffs Williams, Rowry, and Cottrell were also sued in their individual capacities.
The complaint states that Fenner committed suicide while he was incarcerated in the Sumter County jail and alleges that *1237 Sheriff Hatter and Deputy Sheriffs Williams, Rowry, and Cottrell “knew or should have known that Fenner was mentally and/or emotionally unstable” and that they
“negligently, willfully, maliciously, fraudulently, in bad faith and beyond their authority, failed to properly monitor Fenner, failed to check on Fenner at reasonable intervals, failed to follow standard procedures, failed to follow suicide cheek procedures, and failed to discover Fenner in a timely fashion.”
The complaint further alleges that Sheriff Hatter failed to properly train or supervise his employees and that the conduct of all the defendants “combined and concurred to proximately cause the death of Fenner.”
On October 8, 2004, Sumter County, Sheriff Hatter, and Deputy Sheriffs Williams, Rowry, and Cottrell filed a motion to dismiss. Sumter County relied on Alabama statutes and caselaw that provide that Alabama counties have no authority in the hiring, training, or supervising of jail personnel or the supervising of inmates committed to that jail. Sheriff Hatter and Deputy Sheriffs Williams, Rowry, and Cottrell relied on Art. I, § 14, Ala. Const. 1901, and Alabama caselaw that recognizes that sheriffs and deputy sheriffs are entitled to sovereign immunity unless the action is one to enjoin their conduct.
On August 11, 2005, the Sumter Circuit Court denied the motion to dismiss. On September 22, 2005, Sumter County, Sheriff Hatter, and Deputy Sheriffs Williams, Rowry, and Cottrell petitioned this Court for a writ of mandamus to compel the Sumter Circuit Court to grant the motion to dismiss.

II. Standard of Review

 “A writ of mandamus is a “ ‘drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ”
Ex parte Wood, 852 So.2d 705, 708 (Ala.2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).
“A petition for a writ of mandamus ‘is an appropriate means for seeking review of an order denying a claim of immunity.’ Ex parte Butts, 775 So.2d 173, 176 (Ala.2000).2 ...
“In reviewing the denial of a motion to dismiss by means of a mandamus petition, we do not change our standard of review-Under Rule 12(b)(6), Ala. R. Civ. P., a motion to dismiss is proper when it is clear that the plaintiff cannot prove any set of circumstances upon which relief can be granted.... ‘ “In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [she] may possibly prevail.” ’ ... We construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff.
“2 The denial of a motion to dismiss or a motion for a summary judgment generally is not renewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity. Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002)....”
Ex parte Haralson, 853 So.2d 928, 931 (Ala.2003).

*1238
III. Discussion

A. Claims Against Sumter County

An Alabama county, unlike the State of Alabama, is not generally immune from suit.
“Under Ala. Const, of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state, see, e.g., Armory Comm’n of Alabama v. Staudt, 388 So.2d 991, 993 (Ala.1980), but generally does not extend to counties or county agencies, see, e.g., Wassman v. Mobile County Communications Dist., 665 So.2d 941, 943 (Ala.1995), or to municipalities or municipal agencies, see Jackson v. City of Florence, 294 Ala. 592, 600, 320 So.2d 68, 75 (1975).”
Ex parte Tuscaloosa County, 796 So.2d 1100,1103 (Ala.2000).
In Alabama, counties possess only those powers expressly delegated to them by the legislature. Tuscaloosa County v. Alabama Great Southern R.R., 227 Ala. 428, 150 So. 328 (1933). Therefore, the Alabama Code determines the role of counties in operating county jails. Section 11-14-10, Ala.Code 1975, provides that “[t]he county commission shall erect ... jails” and that “[•ejach county shall be required to maintain a jail within their county.” This Court held in Keeton v. Fayette County, 558 So.2d 884, 886 (Ala.1989), that “by using the phrase ‘maintain a jail’ in § 11-14-10, the Legislature intended to require the county commission to keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline.”
The administrator ad litem’s complaint does not allege that the claims against Sumter County are based on a failure to fund or to maintain the jail. Instead, the administrator ad litem claims only that Sumter County is responsible for the alleged negligent operation of the jail.
Under Alabama law, a county is not responsible for the daily administration or operation of a county jail or for overseeing inmates. See Turquitt v. Jefferson County, 137 F.3d 1285, 1289 (11th Cir.1998) (“We recognize that Alabama counties possess some duties with respect to county jails. However, none of these duties relates to the daily operation of the jails or to the supervision of inmates. The duties of the counties with respect to the jails ‘are limited to funding the operation of the jail and to providing facilities to house the jail.’ Stark v. Madison County, 678 So.2d 787, 787 (Ala.Civ.App.1996).”). Thus, Alabama counties are not charged with the duty of operating jails; instead, it is the county sheriffs who are vested with that responsibility. Section 14-6-1, Ala.Code 1975, provides: “The sheriff has the legal custody and charge of the jail in his county and all prisoners committed thereto.... ” Alabama law provides that a county commission does not have the authority, or the responsibility, to promulgate policies and work rules for employees of the sheriffs office, nor does a county commission have authority over law-enforcement policies or the training, supervision, hiring, or firing of the sheriffs employees. See Crocker v. Shelby County, 604 So.2d 350 (Ala.1992). Consequently, Sumter County cannot be held liable for any action resulting from the hiring, training, or supervising of jail personnel.
Furthermore, counties cannot be held vicariously liable for the actions or omissions of the sheriff or his deputies in operating a county jail. See King v. Colbert County, 620 So.2d 623, 625 (Ala.1993), and *1239 Parker v. Amerson, 519 So.2d 442 (Ala.1987). This Court, construing Art. V, § 112, Ala. Const.1901, and its history, has concluded that a sheriff is an executive officer of the State. Parker, 519 So.2d at 443. This Court has also held that because a sheriff is an executive officer, “a sheriff is not an employee of a county for the purposes of imposing liability on the county....” 519 So.2d at 442; see also King, 620 So.2d at 625-26. Consequently, even if Sheriff Hatter may be held liable for his conduct as sheriff, Sumter County itself cannot be held vicariously liable for his actions or inaction.
The administrator ad litem recognized as much in his motion for a partial summary judgment,[1] stating:
“[T]he law is clear in Alabama that sheriffs are constitutionally established executive officers of the State of Alabama. Article I, § 14, Alabama Constitution of 1901; King v. Colbert County, 620 So.2d 623, 625 (Ala.1993); Vinson v. Clarke County, 10 F.Supp.2d 1282, 1295 (S.D.Ala.1998). ‘Sheriffs are not county employees, Parker v. Amerson, 519 So.2d 442 (Ala.1987), particularly for purposes of imposing respondeat superior liability upon the county.’ King v. Colbert County, at 625. Moreover, deputies and jailers are likewise not county employees. Alexander v. Hatfield, 652 So.2d 1142, 1144 (Ala.1994); Lancaster v. Monroe County, Alabama, 116 F.3d 1419, 1429 (11th Cir.1997). Deputies and jailers are alter egos of the Sheriff and are state employees. Mosely v. Kennedy, 245 Ala. 448, 17 So.2d 536, 537 (1944).
“It is undisputed in this case that the Defendants Johnny Hatter (sheriff), Terry Williams (deputy), David Rowry (deputy) and Robert Cottrell (deputy) are not employees of Sumter County, Alabama, but rather, of the State of Alabama.”
Therefore, any liability of a county resulting from an incident at a county jail must be based on a failure of county officials to provide an adequate facility. Because the administrator ad litem does not allege that Sumter County breached a duty to furnish and maintain a jail facility, he fails to state a claim upon which relief can be granted. Consequently, the trial court erred in denying the defendants’ motion to dismiss the claims against Sumter County.

B. Immunity of Sheriff Hatter and Deputy Sheriffs Williams, Rowry, and Cottrell

As stated above, sheriffs and deputy sheriffs are executive officers of this State, pursuant to the Ala. Const.1901, Art. Y, § 112. Parker, 519 So.2d at 443. Moreover, claims against sheriffs and deputy sheriffs are “barred by the absolute immunity of Article I, § 14, of the Alabama Constitution of 1901,” Coleman v. City of Dothan, 598 So.2d 873, 875 (Ala.1992) (quoting White v. Birchfield, 582 So.2d 1085, 1088 (Ala.1991)), when the sheriffs or the deputies were “acting within the line and scope of their employment.” Ex parte Purvis, 689 So.2d 794, 795 (Ala.1996).
This State immunity afforded sheriffs and deputies is not affected by this Court’s *1240 decision on State-agent immunity in Ex parte Cranman, 792 So.2d 392 (Ala.2000): “We do not deal here with the absolute immunity of witnesses, judges, prosecutors and legislators, nor do we overrule Ex parte Purvis, 689 So.2d 794 (Ala.1996).” 792 So.2d at 396 n. 2; see also Ex parte Haralson, 853 So.2d at 930 n. 1 (“In Cranman, although we restated the rule governing State-agent immunity, we did not address the State immunity afforded to sheriffs and deputy sheriffs for actions taken while working in the line and scope of their employment, and we did not overrule Ex parte Purvis, 689 So.2d 794 (Ala.1996).”).
All of the events involving the sheriff and the deputy sheriffs were alleged to have occurred at the county jail. The administrator ad litem’s complaint does not allege any facts that would tend to show that the sheriff or deputy sheriffs were not working within the line and scope of their employment when the tragic events underlying this wrongful-death action occurred, nor did the administrator ad litem allege any such facts in his response to the motion to dismiss. The respondent’s brief does not bring any such facts to the attention of this Court.
Accordingly, based on the record before this Court, we hold that the administrator ad litem’s claims against the sheriff and the deputy sheriffs are “barred by the absolute immunity of Article 1, § 14, of the Alabama Constitution of 1901,” Coleman v. City of Dothan, 598 So.2d at 875, because the sheriff and deputy sheriffs were “acting within the line and scope of their employment,” Ex parte Purvis, 689 So.2d at 795.

W. Conclusion

Based on the foregoing, we grant the petition for a writ of mandamus and direct the trial court to vacate its order of August 11, 2005, denying the motion to dismiss filed by Sumter County, Sheriff Hatter, and Deputy Sheriffs Williams, Rowry, and Cottrell and to enter an order dismissing them as defendants in this case.
PETITION GRANTED; WRIT ISSUED.
LYONS, WOODALL, and SMITH, JJ., concur.
NABERS, C.J., concurs in the result.

. The administrator ad litem filed a motion for a partial summary judgment, seeking a declaration that the $100,000 limit on governmental liability set out in § 11-93-2, Ala.Code 1975, is not applicable to Sheriff Hatter and Deputy Sheriffs Williams, Rowry, and Cott-rell.