[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11651

Non-Argument Calendar

_____

LATONYA CHAMES,

Plaintiff-Appellant,

versus

CALHOUN COUNTY COMMISSION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:20-cv-01826-ACA

_____

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

LaTonya Chames ("Plaintiff") appeals the district court's dismissal without prejudice[1] -- for failure to state a claim under Fed. R. Civ. P. 12(b)(6) -- of Plaintiff's employment action.  Plaintiff named as a defendant the Calhoun County Commission ("County"): the governing body for Calhoun County, Alabama.  In her complaint, Plaintiff asserted claims against the COUNTY for employment discrimination and retaliation and for unequal pay, in violation of Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Equal Pay Act, 29 U.S.C. § 206(d).[2]  No reversible error has been shown; we affirm.

In 2016, Plaintiff -- a black female -- was hired as a Corrections Lieutenant at the Calhoun County Jail.  In late 2018, Plaintiff began complaining to her superiors that the two other Corrections Lieutenants (both white males) were each being paid $15,000 to $17,000 more per year than Plaintiff was paid.  Plaintiff reported

---

[1] Generally speaking, an involuntary dismissal without prejudice constitutes a final order for purposes of appeal. *See Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993).

[2] Plaintiff also asserted a claim for unlawful discrimination under 42 U.S.C. § 1981.  Plaintiff raises no challenge to the district court's dismissal of her section 1981 claim.

that she believed the disparity in pay was based on Plaintiff's race and sex. Plaintiff voiced these concerns to her direct supervisor, to Sheriff Wade, to County Commissioner Wilson, and to the County Administrator. In response to Plaintiff's complaints about pay, Sheriff Wade submitted to the County a formal request for Plaintiff to receive a pay increase.

Plaintiff was later told that the County had approved a $5,000 raise for Plaintiff. In exchange for the pay raise, however, Plaintiff was required to sign an acknowledgement form waiving her rights as a civil service employee. Plaintiff refused to sign the form: a document Plaintiff perceived as retaliation for Plaintiff's complaints about discrimination. Around the same time, Plaintiff says the two white male Lieutenants received a $10,000 pay increase.

Plaintiff complained again to Commissioner Wilson about race and sex discrimination and said she planned on filing a claim with the Equal Employment Opportunity Commission ("EEOC"). Commissioner Wilson discouraged Plaintiff from pursuing her discrimination claims, telling Plaintiff that doing so would create a difficult work environment for her.

Plaintiff filed a complaint with the EEOC. After receiving a right-to-sue notice from the EEOC, Plaintiff filed this civil action against the County.

The County moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). The County asserted that Plaintiff was not a

County employee and was, instead, employed by the Calhoun County Sheriff's Office.  Because the County was not Plaintiff's employer, the County said it could not be held liable for Plaintiff's claims of employment discrimination.

In a response brief, Plaintiff opposed the County's motion to dismiss and, in the alternative, sought leave to amend her complaint.[3]

The district court granted the County's motion to dismiss. The district court determined -- as a matter of law -- that the County was not Plaintiff's employer.  The district court dismissed without prejudice Plaintiff's complaint and directed the clerk to close the case.  The district court never addressed expressly Plaintiff's request for leave to amend her complaint.

Plaintiff filed a motion to alter, amend, or vacate the final judgment, pursuant to Fed. R. Civ. P. 59(e).  Plaintiff asserted that she had alleged facts sufficient to establish that the County acted as a joint employer.  Plaintiff also argued that the district court erred in dismissing her complaint without granting her earlier request

---

[3] Plaintiff also attached several documents to her response brief in support of her assertion that the County acted as her joint employer.  In ruling on the County's motion to dismiss, the district court limited its review to the pleadings.  Plaintiff raises no challenge to that ruling; neither the district court's refusal to consider the additional documents submitted by Plaintiff nor those documents themselves are before us on appeal.

21-11651            Opinion of the Court                    5

(made only in Plaintiff's response brief to the County's motion to dismiss) to amend the complaint.

The district court denied Plaintiff's Rule 59(e) motion. About Plaintiff's leave-to-amend argument, the district court said Plaintiff failed to follow the proper procedures in seeking the court's leave to amend.

We review *de novo* a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff. *See Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition to containing well-pleaded factual allegations, a complaint must also meet the "plausibility standard" set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under that rule, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted). To state a plausible claim for relief, a plaintiff must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on the County's motion to dismiss, the district court applied properly the pleading standard set forth in *Iqbal* and *Twombly*. Plaintiff's claims for violations of Title VII and the

Equal Pay Act are claims that may be brought against only Plaintiff's employer. *See Peppers v. Cobb Cty., Ga.*, 835 F.3d 1289, 1295, 1297 (11th Cir. 2016). Whether the County was Plaintiff's employer for purposes of Title VII and the Equal Pay Act is a question of law; the district court committed no error in relying on pertinent statutes and caselaw to resolve that legal question.

The district court also committed no error in concluding that the County was not Plaintiff's employer and, thus, that Plaintiff could state no claim for relief against the County for employment discrimination. Never has Plaintiff disputed that she was employed by the Calhoun County Sheriff's Office. Plaintiff asserts, however, that the County acted as her joint employer because the County paid Plaintiff's wages and had some authority to approve the amount of Plaintiff's pay.

Under Alabama law, the Sheriff's Office and the County are designated as two separate and distinct entities. A sheriff is a member of the state's executive department. *See* Ala. Const., Art. V § 112; *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987). As a state executive officer, a "sheriff is not an employee of a county for the purposes of imposing liability on the county." *Parker*, 519 So. 2d at 442-43.

We have recognized that the Alabama Code grants the sheriff control over the employees of the jail: authority that is "totally independent of the [county commission]." *See Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1289 (11th Cir. 1998) (citing Ala. Code. § 14-6-1 and *King v. Colbert Cty.*, 620 So. 2d 623, 625 (Ala. 1993)). By

statute, "[t]he sheriff appoints, directs, and controls the deputies and jailers who work at the jail" and the "County has no authority to manage the sheriff's employees." *Id.* (citing *Lockridge v. Etowah Cty. Comm'n*, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984)).

"[W]here a state legislative body creates a public entity and declares it to be separate and distinct, that declaration should be entitled to a significant degree of deference, amounting to a presumption that the public entity is indeed separate and distinct for purposes of Title VII." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1344 (11th Cir. 1999). A plaintiff may overcome this presumption in limited circumstances by presenting "strong evidence" showing either that (1) the "entity was created or maintained for the purpose of evading the federal employment discrimination laws" or (2) that the "entities are so closely interrelated with respect to control of the *fundamental* aspects of the employment relationship that they should be counted together under Title VII." *Peppers*, 835 F.3d at 1298 (emphasis in original).

Plaintiff has alleged no facts from which we can infer reasonably that Plaintiff can overcome the presumption that the Sheriff's Office and the County are separate and distinct entities. That the County paid Plaintiff's wages and had authority to approve the amount of Plaintiff's pay is insufficient to demonstrate that the County controlled "the fundamental and essential aspects of the employment relationship when taken as a whole." *See Peppers*, 835 F.3d at 1300-01 (concluding that a county did not act as a "joint employer" within the meaning of Title VII or the Equal Pay Act

when the county paid plaintiff's salary and benefits and was responsible for approving or disapproving plaintiff's salary; the county acted only as a "paymaster" and had no control over the essential terms and conditions of plaintiff's employment as a whole).

We cannot conclude that the district court erred in deciding, as a matter of law, that the County was not Plaintiff's employer. The district court determined correctly that Plaintiff's complaint was subject to dismissal for failure to state a claim under Title VII and the Equal Pay Act.

Plaintiff next contends that the district court erred in dismissing her complaint without first granting her leave to amend. We disagree. Plaintiff's way of requesting leave to amend -- just an alternative request contained within Plaintiff's response brief to the County's motion to dismiss -- was not proper. *See Newton v. Fla.*, 895 F.3d 1270, 1277 (11th Cir. 2018) (explaining that a request for leave to file an amended complaint had "no legal effect" because it was "imbedded within an opposition memorandum" to a motion to dismiss and not made by separate written motion). When -- as in this case -- a counseled plaintiff fails to request properly leave to amend in the district court, the district court need not grant *sua sponte* leave to amend before dismissing the complaint. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

21-11651                Opinion of the Court                9

Plaintiff also challenges the district court's denial of her Rule 59(e) motion.[4] Plaintiff contends that the district court erred in failing to reconsider her earlier-filed request for leave to amend.[5] For the reasons we have already discussed, Plaintiff never filed properly a motion for leave to amend her complaint. As a result, Plaintiff can show no manifest error of law or fact in the district court's order of dismissal. The district court abused no discretion in denying Plaintiff's Rule 59(e) motion. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (alterations and citations omitted)).

AFFIRMED.

---

[4] We review the denial of a Rule 59(e) motion under an abuse-of-discretion standard. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

[5] We note that Plaintiff had the opportunity to move post-judgment for leave to amend her complaint. *See Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984) (providing that a plaintiff may move for leave to amend after a complaint is dismissed and may also move for relief under Rule 59(e) "on the basis of proposed amendments even after the action is dismissed and final judgment is entered"). Plaintiff never did so. On appeal, Plaintiff focuses exclusively on the district court's purported error in failing to grant or to reconsider Plaintiff's request for leave to amend that was incorporated in Plaintiff's earlier-filed response brief.